**Ruth BROBST, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 16, 2006.

Decided Sept. 27, 2006.

Publication Ordered Jan. 10, 2007.

Ruth Brobst, petitioner, pro se.

Diana C. Clark, Asst. Counsel, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

In this appeal, Ruth Brobst, pro se, challenges the final order from the Secretary of the Department of Public Welfare (DPW) upholding the denial of her participation in the ongoing Non Money Payment—Medical Assistance (NMP–MA) spend-down program by the Bureau of Hearings and Appeals (BHA). We are asked to decide whether Brobst qualifies for the ongoing NMP–MA spend-down program (Ongoing Program), rather than the monthly NMP–MA spend-down program (Monthly Program), when: (1) her monthly income exceeds the requisite income limit; and (2) her medical expenses are covered under the NMP–MA program.

The NMP–MA governmental assistance program covers medical expenses for individuals that fall below a certain income level. These individuals may qualify by either participating in the Ongoing Program or the Monthly Program.

Under the Ongoing Program, if an individual's income level, after deducting anticipated medical expenses, falls below the specified income limit, the individual will

receive uninterrupted medical coverage for the full month. 55 Pa.Code § 181.13.

Alternatively under the Monthly Program, if an individual's income, after the appropriate deductions of anticipated medical expenses, remains more than the specified income limit, the individual must spend a certain amount on expenses every month before medical assistance can be available to cover the remaining expenses for the month. *See* 55 Pa.Code § 181.13. Effectively, this amount will be the difference between the individual's income amount after deductions and the established eligibility limit.

When deducting medical expenses from an individual's income, medical expenses covered by NMP–MA may not be deducted from the monthly income amount; only expenses not covered by NMP–MA may be deducted from income.[1]

In January, 2005, the Lehigh County Assistance Office (CAO) notified Brobst of the decision to terminate her General Assistance (GA) cash benefit and related Medical Assistance because her Social Security Disability (SSD) benefit of $986.00 per month exceeded the eligibility limits for GA. Applying 55 Pa.Code § 181.13, the CAO, however, informed Brobst "of her eligibility for [the Monthly Program] with a monthly spend-down amount of $349.60." (ALJ Adjudication at 3.)[2] Brobst timely appealed, claiming she is entitled to participate in the Ongoing Program.

■ In March 2005, the BHA conducted a hearing and, in April 2005, issued an order and adjudication denying Brobst's appeal. The Administrative Law Judge (ALJ) agreed with the CAO's position regarding the interpretation of 55 Pa.Code § 181.13.[3] The ALJ applied the regulation and found Brobst's countable income, after the relevant deductions, must be equal to, or less than, the NMP–MA individual income limit of $606.40. Only incurred med-

---

1. 55 Pa.Code § 181.13(e)(1). Such expenses include third-party health insurance premiums, deductibles, and co-payments. (DPW Medicaid Eligibility Handbook at 10, R. at Ex. C–3.)

2. The CAO made the following calculation to determine the spend-down amount:

| $986.00 | Monthly Social Security Income |
| – 20.00 | Deduction (55 Pa.Code §181.131(b)) |
| $966.00 | Net Monthly Income |
| – 10.00 | Spend-Down Deduction (55 Pa.Code §181.13(d)) |
| $956.00 | Monthly Income After Spend-Down Deduction |
| – 606.40 | Income Limit for the NMP-MA Program |
| $349.60 | Monthly Spend-Down Amount |

(ALJ Adjudication at 3.) At the hearing before the Administrative Law Judge (ALJ), both parties stipulated the accuracy of the monthly spend-down amount. (ALJ Adjudication at 2.)

3. This section, in pertinent part, reads:

(b) The applicant/recipient shall meet the NMP–MA eligibility criteria, including the income criteria, to qualify for NMP–MA spend-down.

. . . .

(d) Income eligibility for NMP–MA spend-down exists when the applicant's/recipient's:

. . . .

(2) Countable net income less $10 and medical expenses in subsection (e) is equal to, or less than, the appropriate NMP–MA income limits. . . .

. . . .

(e) Deductible medical expenses include:

(1) Unpaid medical expenses, including those reasonably expected to be incurred, which meet the requirements in this paragraph. The unpaid medical expenses:

. . . .

(ii) Are not to be paid for under the NMP–MA Program once NMP–MA is authorized.

. . . .

(g) A monthly review of eligibility for NMP–MA spend-down is required except when the countable net income less $10 is equal to, or less than, the appropriate income limit. . . .

55 Pa.Code § 181.13.

ical expenses not covered by the NMP–MA program and expected to "remain the same for the next eleven calendar months" may be deducted from Brobst's monthly income. (ALJ Adjudication at 6.) The ALJ found that all of Brobst's medical expenses, consisting of prescriptions and doctor visits, are covered under NMP–MA, and therefore, she may not deduct them. (ALJ Adjudication at 3.) Therefore, because Brobst's income is higher than the eligibility limit, the ALJ found the CAO correctly placed Brobst in the Monthly Program. (ALJ Adjudication at 6.) In May 2005, the BHA issued a Final Administrative Action Order affirming the ALJ's decision. In January 2006, DPW issued a final order upholding the BHA order. This appeal followed.

Proceeding pro se and through the assistance of her representative,[4] Brobst claims DPW is improperly requiring her to comply with the Monthly Program and to pay $349.60 instead of allowing her to participate in the Ongoing Program. Because her expenses are ongoing, Brobst argues she is not subject to the monthly review requirement under the regulation. Due to her limited finances, according to Brobst, participating in the Monthly Program will constitute an economic hardship in the face of her excessive medical bills.

In response, DPW asserts Brobst does not qualify for the Ongoing Program because her countable income exceeds the eligibility limit. DPW claims Brobst's continuing medical expenses are not deductible because they would be covered under NMP–MA. Pursuant to 55 Pa.Code § 181.13(e), expenses that are subject to payment under NMP–MA cannot be used to determine eligibility. DPW maintains that because Brobst's excess income places her beyond the eligibility limit for the Ongoing Program, Brobst falls in the Monthly Program and must first pay medical expenses amounting to $349.60 in a calendar month before NMP–MA can be authorized to cover the rest of her medical expenses in the remaining month.

■ This Court limits its review of DPW final orders to determine "whether an error of law was committed, whether constitutional rights were violated or whether findings of fact are supported by substantial evidence." *Woods Services, Inc. v. Department of Public Welfare*, 803 A.2d 260, 263 (Pa.Cmwlth.2002). Because the issue here rests on regulatory authority, this Court will affirm unless the adjudication is "not in accordance with law." 2 Pa.C.S. § 704.

Here, DPW correctly determined that Brobst fell under the Monthly Program. Her doctor visits and prescription costs are covered under NMP–MA, and Brobst may not deduct them. At the ALJ hearing below, the parties stipulated the spend-down amount is correct. Brobst's only contention on appeal is that she should be subject to the Ongoing Program.[5] Applying § 181.13 of the Code, however, her monthly SSD income exceeds the eligibility

---

4. Throughout the appeal process, Janice Bowman acted as Brobst's representative and advocate before the ALJ Hearing as well as before this Court. (ALJ Adjudication at 1; Brobst's Br. at 17.)

5. In support of her argument, Brobst cites *Crammer v. Department of Public Welfare*, 449 Pa. 528, 296 A.2d 815 (1972), and *Brown v. Beal*, 404 F.Supp. 770 (E.D.Pa.1975), for the proposition that she is entitled to the Ongoing

Program because her expenses exceed the spend-down amount of $349.60. (*See* Brobst Br. at 15–16.) These cases, however, involved whether the recipients met the eligibility requirements *after* they, in fact, expended the requisite spend-down amounts under the relevant regulations. *See Crammer*, 449 Pa. at 537, 296 A.2d at 820; *see also Beal*, 404 F.Supp. at 778–79.

limit of $606.40, even when taking into account the deductions provided for under Sections 181.131(b) and 181.13(d) of the Code.[6]

Because this Court finds the decision of the DPW to be free from legal error, we affirm.

### ORDER

**NOW,** September 27, 2006, the order of the Department of Public Welfare in the above-captioned matter is hereby **AFFIRMED.**

6. Brobst asks this Court to elaborate on what constitutes the "flexible income test" and expenses "reasonably expected to be incurred." (*See* Brobst Br. at 10, 16.) Both concepts have their origins from Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq., which created a comprehensive spending program, in conjunction with state governments, to provide assistance to the needy. *Beal,* 404 F.Supp. at 773. Under 42 U.S.C. § 1396a, Congress set out certain baseline, eligibility standards for the States, who choose to participate in the program, to follow. These standards must take into account a recipient's actual income, provide for a reasonable evaluation of such income, and "provide for *flexibility* in the application of such standards with respect to *income* by taking into account ... the *costs* ... *incurred for medical care* or for any other type of remedial care recognized under State law." 42 U.S.C. § 1396a(a)(17)(B)-(D) (emphasis added). The statute's legislative history emphasized Congress' intent for the States to be "flexible in the consideration of an individual's income" and account for medical costs. *Crammer,* 449 Pa. at 538, 296 A.2d at 820 (quoting the Senate Finance Committee report). Moreover, a participating state may require the use of all or some of a recipient's "excess income ... toward his medical expenses." Id. at 539, 296 A.2d at 820. Pennsylvania's spend-down provision, under 55 Pa.Code § 181.13, is simply an application of the flexible income provision under federal law. *See* 42 U.S.C. § 1396a(a)(17)(D); *see also Crammer,* 449 Pa. at 536, 296 A.2d at 819. It permits those who, like Brobst, do not qualify for assistance benefits, because their income level is higher than the eligibility amount, to effectively "spend-down," or pay for medical expenses, the portion of their income that is over the limit, so that they can meet the particular eligibility criteria. In interpreting what medical expenses can be deducted from an individual's income to arrive at the requisite eligibility amount, Pennsylvania allows for medical expenses (not covered under the NMP–MA) that are both unpaid (i.e., expenses incurred in the past) and those "reasonably expected to be incurred" in the future to be deductible. 55 Pa.Code § 181.13(e)(1). In this appeal, based on Brobst's extensive medical and billing records, Brobst undoubtedly and reasonably expects to incur future medical expenses. Unfortunately, the issue here is not whether she will incur *any* future medical expenses, but whether Brobst will incur medical expenses *not covered* under NMP–MA as dictated under 55 Pa.Code § 181.13. The future medical expenses Brobst reasonably expects to incur *are covered* under NMP–MA.